UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA JEAN WATKINS,<br><br>     Plaintiff,<br><br> v.<br><br>WESLEY HOMES,<br><br>     Defendant. | CASE NO. 2:25-cv-00290-LK<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

  Before the Court is pro se Plaintiff Sandra Jean Watkins's Motion to Appoint Counsel. Dkt. No. 5. For the reasons explained below, the Court denies the motion.

## I. BACKGROUND

  Ms. Watkins filed this action on February 13, 2025. Dkt. No. 1. The Court granted her motion to proceed *in forma pauperis* ("IFP") on February 14. Dkt. No. 3. Her complaint alleges that Wesley Homes discriminated against her based on her age and religion while she was employed there. Dkt. No. 4 at 4. The complaint asserts claims under Title VII of the Civil Rights Act ("Title VII") and the Age Discrimination in Employment Act ("ADEA").

  Along with her complaint, Ms. Watkins filed a motion seeking Court-appointed counsel.

Dkt. No. 5. Ms. Watkins used the motion form for litigants seeking court-appointed counsel in civil rights cases instead of the version of the form that applies in Title VII employment discrimination cases. The two separate forms reflect the different standards courts apply to these motions in Title VII and non-Title VII cases. The Court addresses both standards here in light of Ms. Watkins's Title VII and ADEA claims.

## II.  DISCUSSION

There is "no constitutional right to counsel in a civil case." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038–39 (9th Cir. 2021) (internal citation omitted). However, in "exceptional circumstances," the Court may seek to appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).[1] Courts must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the petitioner to articulate [her] claims *pro se* in light of the complexity of the legal issues involved." *Id.*

In Title VII cases, the Court may seek to appoint counsel "upon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). When considering a request for counsel for Title VII claims, courts assess the applicant's financial resources, efforts the applicant has already made to secure counsel, and whether the claim has merit. *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

---

[1] The Court notes that Section 1915(e)(1) "does not actually authorize the court to force a lawyer to take a case." *Sifuentes v. Nautilus, Inc.*, No. C21-5613-JLR, 2022 WL 1014963, at *1 (W.D. Wash. Apr. 5, 2022) ("Nor does the court have staff attorneys standing by to represent *pro se* litigants."). Under the statute, "the court may only 'request' that an attorney represent an indigent litigant." *Id.* (quoting 28 U.S.C. § 1915(e)(1)); *see also Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307 (1989) (Section 1915(e) does not authorize compulsory appointments); *Dragasits v. Rucker*, No. 18-CV-0512-WQH-AGS, 2021 WL 4710854, at *2 (S.D. Cal. Oct. 8, 2021) ("[T]he statutory authority to recruit civil counsel" does not allow the Court to "force attorneys to represent an indigent civil litigant.").

A.      **Ms. Watkins Does Not Currently Meet the Title VII Requirements**

For the reasons explained below, Ms. Watkins's case does not currently meet the Title VII requirements for the appointment of counsel.

*Financial resources.* This is the only factor that weighs in favor of appointment of counsel. Ms. Watkins has "been out of work since May 2024" and cannot afford to pay an hourly flat fee. Dkt. No. 5 at 2. Her IFP status also suggests that she cannot afford to hire an attorney on her own. *See Clark v. Washington State Dep't of Health*, No. 2:23-CV-01558-TMC, 2023 WL 8449162, at *1 (W.D. Wash. Dec. 6, 2023).

*Efforts made to secure counsel.* This factor weighs against the appointment of counsel. Courts in this district have found that contacting four to six law offices fell short of a "reasonably diligent effort under the circumstances to obtain counsel." *Clark*, 2023 WL 8449162, at *1. In contrast, the Ninth Circuit found that a pro se plaintiff had shown reasonable diligence by filing affidavits showing that she had contacted "more than ten attorneys, each of whom declined to represent her except upon financial terms that she was unable to meet." *Bradshaw*, 662 F.2d at 1319; *see also, e.g.*, *Littlejohn v. Kaiser Permanente of Washington*, No. 3:23-CV-06194-TMC, 2024 WL 216544, at *1 (W.D. Wash. Jan. 19, 2024) (pro se litigant met this requirement by contacting close to 200 attorneys, none of whom were willing to represent her pro bono). Here, Ms. Watkins has requested an attorney from the King County Bar Association, but does not indicate what other efforts she has made to secure an attorney on a pro bono basis or on terms that she can afford (for example, on a contingency fee basis). Dkt. No. 5 at 2.

*Merits of the claim.* The Court cannot weigh the merits of Ms. Watkins' claims on the undeveloped, limited record before it. *See, e.g.*, *Sam v. Renton Sch. Dist.*, No. C21-1363-RSM, 2021 WL 4952187, at *1 (W.D. Wash. Oct. 25, 2021) ("The Court cannot conclude on this thin record whether these claims have a strong likelihood of success on the merits."). And she has not

otherwise provided any compelling arguments or evidence that this case is likely to succeed on the merits. *See Ralls v. Facebook*, No. C16-0007-JLR, 2016 WL 10591399, at *2 (W.D. Wash. Apr. 25, 2016).

The Court finds that the Title VII factors as a whole weigh against appointing Ms. Watkins counsel at this stage. *Clark*, 2023 WL 8449162, at *1 (denying motion to appoint counsel under similar circumstances).

### B.   No Other Exceptional Circumstances

As for Ms. Watkins's ADEA claim, there are no exceptional circumstances that justify appointing her counsel at this stage. Exceptional circumstances may exist where the litigant has an insufficient grasp of the legal issues involved or is unable to state the factual bases of their claims. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103–04 (9th Cir. 2004) (appointing counsel where case was unusually complex due to the relevant case law and litigant's circumstances). "[A] litigant must meet a high bar to show that the legal issues involved are sufficiently complex, and that [s]he is therefore impeded in h[er] ability to present h[er] case." *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020). This case does not appear to present the type of legally or factually complex issues that would preclude Ms. Watkins from adequately articulating her claims pro se. Ms. Watkins has demonstrated that she is able to file pleadings and motions in this case. Additionally, the contents of her filings demonstrate a sufficient grasp of the legal issues involved and an ability to articulate the factual bases of her claims. While she might more articulately set forth the facts underlying her claim with the assistance of counsel, that is not the test. *Steiner v. Hammond*, No. C13-5120-RBL, 2013 WL 3777068, at *2 (W.D. Wash. July 16, 2013). It is too early to assess the merits of Ms. Watkins's ADEA claim, so that factor does not change the analysis here.

## III. CONCLUSION

For the reasons described above, the Court DENIES Ms. Watkins's motion to appoint counsel. Dkt. No. 5.

Dated this 12th day of March, 2025.

*Lauren King*
Lauren King
United States District Judge