1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SANDRA JEAN WATKINS,

               Plaintiff,

     v.

WESLEY HOMES,

               Defendant.

CASE NO. 2:25-cv-00290-LK

ORDER TO SHOW CAUSE

This matter comes before the Court sua sponte.

On May 6, 2025, the Court ordered the parties to file a joint status report and discovery plan by July 1, 2025. Dkt. No. 16 at 1. That order provides that "[i]f the parties are unable to agree on any part of the Report, they may answer in separate paragraphs," *id.* at 5, but any disagreement does not excuse the requirement to jointly file the report. On July 1, Defendant filed a solo status report stating that the parties were able to reach agreement on most, but not all, aspects of the joint status report and discovery plan. Dkt. No. 17 at 1. Ms. Watkins did not sign the status report. *Id.* at 5 (noting that Ms. Watkins had not given Defendant permission to sign on her behalf and file the report by the July 1 deadline). It is not clear whether Ms. Watkins did not sign the report

because she did not agree with portions of it, or if she did not sign for some other reason. Either way, she was required to sign the report by the July 1 deadline or seek an extension if she was not able to. As a result, the Court ordered the parties to, by July 10, either resubmit the joint status report with Ms. Watkins' signature or explain why the status report was filed without it. Dkt. No. 18. On July 10, Defendant responded to the Court's order stating that despite repeated attempts to obtain Ms. Watkins' signature for the joint status report, she did not respond. Dkt. No. 19 at 1–2. Ms. Watkins once again filed nothing in response to the Court's order.

Ms. Watkins' conduct is not acceptable. As plaintiff, it is her responsibility to diligently prosecute the action. And as a party before this Court, she must comply with the Court's orders. Among the potential consequences associated with Ms. Watkins' disinterest in pursuing her claims and her failure to comply with Court orders is dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (holding that "courts may dismiss under Rule 41(b) sua sponte"). Even short of dismissal, Ms. Watkins's failure to comply with Court orders may subject to her to other sanctions. *See* LCR 11(c).

Ms. Watkins is thus ORDERED TO SHOW CAUSE why this case should not be dismissed for failure to prosecute and failure to obey court orders. If the joint status report is refiled with Ms. Watkins' signature within 21 days of this Order, the Court will discharge this Order. If not, and if Ms. Watkins does not otherwise respond to this Order, the Court will dismiss this action.

Dated this 16th day of July, 2025.

Lauren King
United States District Judge