UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA JEAN WATKINS, | CASE NO. 2:25-cv-00290-LK |
| Plaintiff, | ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS |
| v. | |
| WESLEY HOMES, | |
| Defendant. | |

This matter comes before the Court on Defendant Wesley Homes' motion for judgment on the pleadings. Dkt. No. 26. For the reasons stated below, the Court grants the motion and dismisses this case.

## I.    BACKGROUND

Plaintiff Sandra Walkins filed suit against her former employer, Wesley Homes, for employment discrimination based on religion and age. Dkt. No. 4 at 1–3, 5. Watkins, who is proceeding pro se, avers that she is Catholic and was born in 1971. *Id.* at 5, 7. The complaint alleges that on May 14, 2024, Watkins was gone from work for 90 minutes while she "attended a catholic mass funeral[.]" *Id.* at 4. She "let [her] supervi[s]or and lead know by email." *Id.* "Two

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS - 1

(2) days later, [Watkins's] supervisor sent [her] an email wanting to di[s]cuss the 'issue.'" *Id.* The supervisor purportedly "told [Watkins] that [she] was in need of 'training.'" *Id.* Watkins avers that "nothing in the employee handbook states anything about the need for training for attending a funeral." *Id.* She adds,

> Nothing in the employee handbook states that you need to advise anyone on attending a funeral. I did however. Nor does it say that you will be [harassed] [] into signing any "write up" or that you are in need of training. Also, several younger co-workers were treated differently than I was.

*Id.* at 5–6. The "alleged discriminatory acts" occurred on approximately May 16, 2024. *Id.* at 5. Watkins states that she "quit[] due to hostile environment and age/religious discrimination." *Id.* at 4. She seeks "ninety million dollars in punitive and exemplary damages due to the unfair treatment because of [her] age and for attending a catholic funeral[.]" *Id.* at 7. She claims to have "suffered great [mental] anguish," has "not been able to gain fulltime employment," "was denied unemployment," and has "not been able to pay [her] rent and [is] facing eviction." *Id.* She "hold[s] Wesley Homes, founded by the United [Methodist] Church of Des Moines, accountable for the mental anguish and overwhelming financial stress that this has caused[.]" *Id.*

On or before November 20, 2024, it appears that Watkins filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC"), which stated as follows:

> I was hired by Wesley Homes, hereinafter Respondent, on or around August 29, 2022. I performed the duties of my position as Front Desk Concierge in a satisfactory manner.

> During my employment, I expressed concerns to Respondent about my supervisor's poor communication. It is my belief that my supervisor overheard my complaints and decided to retaliate against me. On or about May 16, 2024, my supervisor attempted to discipline me for attending a Catholic funeral during my break. Due to the unfair treatment and intolerable working conditions, I resigned from my position on or about May 16, 2024.

> I believe that I have been discriminated against because of my religious beliefs, Catholic, in violation of Title VII of the Civil Rights Act of 1964, as amended.

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS - 2

Dkt. No. 4-1 at 1 (unsigned and undated EEOC charge). As noted above, Watkins alleged that the discrimination took place on a single day—May 16, 2024—and was based on religion. *Id.* The EEOC issued Watkins a Determination and Notice of Rights on November 20, 2024, notifying Watkins of her right to file suit within 90 days. *Id.* at 3. On February 13, 2025, Watkins filed her proposed complaint with this Court. Dkt. No. 1–1.

Watkins complaint alleges "[u]nequal terms and conditions of . . . employment" and "[r]etaliation" in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. *Id.* at 3, 5. Wesley Homes answered the complaint on May 2, 2025. Dkt. No. 14. In relevant part, Wesley Homes stated,

> Defendant admits that Plaintiff informed her supervisor or lead by email that Plaintiff intended to take leave to attend a funeral but denies that Defendant approved this leave or that Plaintiff provided Defendant with sufficient notice to consider her leave request. . . . Defendant admits Plaintiff's supervisor coached Plaintiff that her unexcused absence from her work location violated Defendant's practices and policies. Defendant admits that its employee handbook does not have a specific policy on attending funerals for residents but denies the implication that Defendant's handbook does not have policies on workplace attendance. Defendant admits Plaintiff voluntarily quit her employment. Defendant denies Plaintiff voluntarily quit her employment due to an alleged hostile work environment or age or religious discrimination. Defendant denies that Defendant caused Plaintiff to suffer a hostile work environment or age or religious discrimination.

*Id.* at 2.

On November 21, 2025, Wesley Homes filed the present motion for judgment on the pleadings. Dkt. No. 26. Watkins responded in opposition, Dkt. No. 28, to which Wesley Homes replied, Dkt. No. 29.[1]

---

[1] Watkins filed an improper surreply that did not comply with LCR 7(g), Dkt. No. 30, so the Court struck it as procedurally improper. Dkt. No. 31. Even if the Court considered the surreply, the decision would remain the same.

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS - 3

## II.    DISCUSSION

**A.    Legal Standard**

"Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation modified). Therefore, unlike with motions for summary judgment where the entire evidentiary record is considered, when reviewing motions for judgment on the pleadings, the Court considers only (1) the pleadings, (2) documents incorporated by reference into the complaint, and (3) matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Court "accept[s] all factual allegations in the [relevant pleading] as true and construe[s] them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

When deciding a motion under Federal Rule of Civil Procedure 12(b)(6), a court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Instead, the plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A complaint "that offers

'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Because Watkins is proceeding pro se, the Court holds her complaint "to less stringent standards than formal pleadings drafted by lawyers," and construes her "filings liberally[.]" *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citation modified). However, pro se complaints must still include "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)—a plaintiff's pro se status does not excuse compliance with this bedrock requirement. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000) (explaining that the lenient pleading standard does not excuse a pro se litigant from meeting basic pleading requirements); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (although the court has an obligation to liberally construe pro se pleadings, it "may not supply essential elements of the claim that were not initially pled" (quoting *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

**B.    Watkins Failed to State a Claim for Relief**

Liberally construing Watkins's complaint, she alleges claims of hostile work environment, religious discrimination, retaliation, and age discrimination in violation of federal law. *See* Dkt. No. 4 at 4–5. The Court analyzes each of these claims and finds that none state a cognizable claim for relief.

1.    Hostile Work Environment

To succeed on her hostile work environment claim, Watkins is required to establish that: (1) she was subjected to a hostile work environment, and (2) Wesley Homes is liable for the harassment that caused the hostile environment to exist. *Fried v. Wynn Las Vegas*, 18 F.4th 643, 647 (9th Cir. 2021). To meet the first element, she must show: (1) she was subjected to verbal or physical conduct of a sexual or racial nature; (2) the conduct was unwelcome; and (3) "the conduct

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS - 5

was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." *Id.* (citing *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 966 (9th Cir. 2002)); *see also Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) ("When the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated." (citation modified)). "To determine whether conduct was sufficiently severe or pervasive," courts examine "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003) (citation modified). "[O]ffhand comments[] and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment[.]" *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Construed liberally, Watkins's complaint fails to allege conduct sufficiently severe or pervasive to alter the conditions of her employment. Much of the complaint "offers 'labels and conclusions' [and] 'a formulaic recitation of the elements of a cause of action [that] will not do.'" *Iqbal*, 556 at 678 (quoting *Twombly*, 550 U.S. at 555). She avers that her supervisor "sent . . . an email wanting to di[s]cuss the 'issue'" related to Watkins leaving work to attend a funeral and the supervisor told Watkins "that [she] was in need of 'training[.]'" Dkt. No. 4 at 4. Watkins adds that the employee handbook does not state "that you will be harased [sic] . . . into sig[n]ing any 'write up' or that you are in need of training." *Id.* at 5–6. She fails to identify or describe the alleged harassment beyond a meeting with her supervisor where she was told she was "in need of training." *Id.* at 4–6 (citation modified). These allegations are not frequent or severe enough to constitute a hostile work environment. Taken together, Watkins's allegations identify one meeting in which

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS - 6

her supervisor said she needed training, and a vague allegation of harassment. *See id.* at 5–7. These are not allegations of "physically threatening or humiliating" conduct, nor do they demonstrate an "unreasonabl[e] interfere[nce] with . . . work performance." *Vasquez*, 349 F.3d at 642. At most, the allegations appear to demonstrate "isolated incidents" that "will not amount to discriminatory changes in the terms and conditions of employment[.]" *Faragher*, 524 U.S. at 788. Therefore, the Court dismisses Watkins's hostile work environment claim.

### 2. Religious Discrimination

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual . . . because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a). For purposes of Title VII, "[t]he term 'religion' includes all aspects of religious observance and practice . . . unless an employer demonstrates that he is unable to reasonably accommodate to an employee's . . . religious observance or practice without undue hardship on the conduct of the employer's business." *Id.* § 2000e(j). A plaintiff can establish a prima facie case of religious discrimination under Title VII by demonstrating that: "(1) [s]he is a member of a protected class; (2) [s]he was qualified for h[er] position; (3) [s]he experienced an adverse employment action; and (4) similarly situated individuals outside h[er] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 847 (9th Cir. 2004) (quoting *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 604 (9th Cir. 2004)).

Construed liberally, Watkins's complaint fails to allege facts showing that she "experienced an adverse employment action[.]" *Fonseca*, 374 F.3d at 847. To establish that element, a plaintiff must show "some injury respecting her employment terms or conditions[.]" *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346, 359 (2024). Watkins makes no such claim. She avers that her supervisor "sent . . . an email wanting to di[s]cuss the 'issue'" related to Watkins

leaving work to attend a Catholic funeral and the supervisor told Watkins "that [she] was in need of 'training[.]'" Dkt. No. 4 at 4. Watkins does not aver how the meeting with her supervisor and the comment that she needed training negatively affected the terms and conditions of her employment.

Watkins states that she "quit[] due to hostile environment and age/religious discrimination." *Id.* While a constructive discharge can constitute an adverse action at least in some circumstances, *Jordan v. Clark*, 847 F.2d 1368, 1377 n.10 (9th Cir. 1988), Watkins has not alleged sufficient facts to state a claim for constructive discharge. "Under the constructive discharge doctrine, an employee's reasonable decision to resign because of unendurable working conditions is assimilated to a formal discharge for remedial purposes." *Pennsylvania State Police v. Suders*, 542 U.S. 129, 141 (2004). To establish that she was constructively discharged, a plaintiff "must make a further showing" beyond demonstrating a hostile work environment: "[s]he must show that the abusive working environment became so intolerable that her resignation qualified as a fitting response." *Id.* at 134. "Creation of a hostile work environment is a necessary predicate to a hostile-environment constructive discharge case." *Id.* at 149. Here, because Watkins's allegations are insufficient to demonstrate a hostile work environment, they are also insufficient to establish "the *graver* claim of hostile-environment constructive discharge[.]" *Id.*[2] Therefore, the Court dismisses Watkins's religious discrimination claim.

---

[2] Additionally, Watkins failed to allege that "similarly situated individuals outside h[er] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Fonseca*, 374 F.3d at 847. Although Watkins generally alleges that she was treated differently than some of her colleagues, she does not identify *how* she was treated differently. *See* Dkt. No. 4 at 6. Her vague allegations of different treatment are "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and insufficient to state a claim. *Iqbal*, 556 U.S. at 678.

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS - 8

3. Retaliation

"To establish a prima facie case of retaliation, a plaintiff must prove (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the two." *Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008). Among other issues, Watkins has not alleged that she suffered an adverse employment action, as discussed above. Moreover, it appears that any alleged adverse employment action was not causally related to a protected activity. Protected activity is that which "opposes a specific employer's discriminatory practices." *EEOC v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1013 (9th Cir. 1983) ("[A] simple assertion that an employer is personally bigoted, without more, is not statutorily protected opposition to an 'unlawful employment practice.'"). Watkins avers that the retaliation was due to "[her] supervisor overhear[ing] [her] complaints" about her "supervisor's poor communication[.]" Dkt. No. 4-1 at 1. Opposing a supervisor's communication style, without more, is not a protected activity. *See Crown Zellerbach*, 720 F.2d at 1013. Therefore, Watkins's retaliation claim must be dismissed.

4. Age Discrimination

Finally, Wesley Homes argues that "Ms. Watkins failed to even include her age discrimination claim in her EEOC charge." Dkt. No. 26 at 7. Watkins does not dispute this assertion in her response. *See generally* Dkt. No. 28. The Court's review of the EEOC charge confirms that age discrimination is not mentioned. *See* Dkt. No. 4-1.

A plaintiff may not commence an age discrimination suit against a private employer without first filing a charge of discrimination with the EEOC. 29 U.S.C. § 626(d)(1). "Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are 'like or reasonably related to the allegations contained in the EEOC charge,'" *Green v. L.A. Cty. Superintendent of Sch.*, 883 F.2d 1472, 1475–76 (9th Cir. 1989) (quoting *Brown*

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS - 9

*v. Puget Sound Elec. Apprenticeship & Training Tr.*, 732 F.2d 726, 729 (9th Cir. 1984)), which is not the case here. Watkins complaint alleges only that "several younger co-workers were treated differently than [she] was," Dkt. No. 4 at 6, but offers no connection to the allegations of religious discrimination in her EEOC charge, Dkt. No. 4-1 at 1. The Court sees no overlap between the two claims such that the age discrimination claim could "reasonably be expected to grow out of the charge" of religious discrimination. *Huang v. Seattle Pub. Lib.*, No. C14-1986RAJ, 2016 WL 3405486, at *4 (W.D. Wash. June 21, 2016) (quoting *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990)); *see also Howard v. Kiewit P. Corp.*, No. CIV. 05-00525ACK/KSC, 2006 WL 278603, at *4 (D. Haw. Jan. 19, 2006) ("The Court finds that claims for race and color discrimination are not like or reasonably related to the allegations for age and disability discrimination contained in the EEOC charge; nor are they within the scope of an EEOC . . . investigation that could reasonably have been expected to grow out of the charge.") Accordingly, Watkins's age discrimination claim is dismissed.[3] Because the deadline to file an EEOC charge has elapsed, 42 U.S.C. § 2000e-5(e)(1), the dismissal as to age discrimination is with prejudice.

## C.    Leave to Amend

As with a Rule 12(b)(6) motion, dismissal based on a 12(c) motion without leave to amend "is appropriate only when the Court is satisfied that an amendment could not cure the deficiency." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131, 1135 (9th Cir. 2012). Rule 15(a)(2) directs district courts to "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). As the language of the rule suggests, the standard for leave to amend is "very liberal." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). This is because "the underlying purpose of Rule 15" is "to facilitate [a] decision on the merits, rather than on the

---

[3] Even if Watkins had exhausted this claim, it would fail on the pleadings because, like with her religious discrimination claim, Watkins fails to allege an adverse action.

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS - 10

pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation modified). Still, courts can deny leave to amend if amendment would be futile. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

Wesley Homes avers that each of "Watkins's claims is missing some or all of the essential elements, meaning she could not prevail on these claims even if she had a chance to amend" and argues that "Watkins would have to fabricate allegations to avoid dismissal, which would violate her duties under FRCP 11(b)." Dkt. No. 26 at 8. While the Court agrees that each of Watkins's claims—as pleaded in her complaint—is missing some or all of the essential elements, it does not necessarily follow that amendment would be futile. It is possible that additional facts exist that could cure the deficiencies outlined above. As to Wesley Homes' concerns that Watkins may "fabricate allegations to avoid dismissal," the Court notes that both Federal Rule of Civil Procedure 11 and Local Civil Rule 11 apply to pro se plaintiffs. *See* Fed. R. Civ. P. 11(c) (permitting sanctions against a "party" that violates the rule); LCR 11 ("An attorney or party who without just cause fails to comply with any of the Federal Rules of Civil or Criminal Procedure, these rules, or an order of the court . . . may, in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate."). A violation of either rule through, for example, fabricating allegations, could result in serious sanctions, including but not limited to requiring the violator to pay the opposing party's attorney's fees. *See, e.g.*, *Rider v. JPMorgan Chase Bank N.A.*, No. 20-CV-06888-LHK, 2021 WL 229308, at *4 (N.D. Cal. Jan. 22, 2021) (ordering pro se plaintiff to pay defendant $6,900.67 in attorneys' fees for her violations of Rule 11).

In keeping with the purpose of Rule 15, the Court will grant Watkins an opportunity to amend her claims to the extent they are not futile. Therefore, Watkins may amend her religious

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS - 11

discrimination claims but not her age discrimination claim, which was dismissed with prejudice. The filing of an amended complaint will supersede all previous complaints, so Watkins should ensure that her amended complaint contains all intended allegations. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (noting the "well-established doctrine that an amended pleading supersedes the original pleading"). Any amended complaint must clearly set forth the "who, what, where, when, and why" necessary for the Court and Wesley Homes to understand what Watkins is alleging. *See* Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678.

## III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Wesley Homes' Motion to Dismiss, Dkt. No. 26, and dismisses the complaint with leave to amend as described above. If Watkins does not file an amended complaint within 21 days of the date of this Order, the Court will close this case.

Dated this 9th day of February, 2026.

_____
Lauren King
United States District Judge

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS - 12