UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA JEAN WATKINS, | CASE NO. 2:25-cv-00290-LK |
| Plaintiff, | ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS |
| v. | |
| WESLEY HOMES, | |
| Defendant. | |

This matter comes before the Court on Defendant Wesley Homes' second motion for judgment on the pleadings. Dkt. No. 35. For the reasons stated below, the Court grants the motion and dismisses this case.

Plaintiff Sandra Walkins filed suit against her former employer, Wesley Homes, for employment discrimination based on religion and age. Dkt. No. 4 at 1–3, 5. Wesley Homes moved for judgment on the pleadings, Dkt. No. 26, which the Court granted, Dkt. No. 32. The Court gave Watkins 21 days to amend her complaint as to only the religious discrimination claims. *Id.* at 11–12. Watkins timely filed an amended complaint alleging religious discrimination, retaliation, and

hostile work environment. Dkt. No. 33.[1] Wesley Homes filed an answer, Dkt. No. 34, followed by a second motion for judgment on the pleadings, Dkt. No. 35, which is presently before the Court. Watkins did not respond to the motion.

"[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b)(2). Pro se plaintiffs "are subject to the same procedural requirements as other litigants." *Muñoz Gonzalez v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). As in her original complaint, Watkins alleges that on May 14, 2024, she attended a "Catholic funeral" during her lunch period, and two days later she was "directed by email to report to [her supervisor's] office regarding the funeral." Dkt. No. 33 at 2. The supervisor purportedly denied Watkins's request "that the Executive Director be present for the meeting, as permitted by Defendant's employee handbook," and did not follow Wesley Homes' "progressive discipline" policy, instead "immediately threaten[ing Watkins] with termination." *Id.* Specifically, Watkins alleges that her supervisor "threatened [Watkins] with being labeled 'insubordinate' and threatened [Watkins] with termination if [she] did not meet alone and agree to be 'trained' and sign a write-up," despite Watkins having "never been written up previously[.]" *Id.* "A witness was present in the business office during part of the meeting." *Id.*

Watkins alleges that she "reasonably believed she was being unfairly disciplined for attending a Catholic funeral and for previously requesting help with staffing from the Executive Director." *Id.* She avers that she "was singled out for discipline, threatened with termination, and subjected to coercion to sign a write-up, despite not violating any written policy and despite not being paid for the time she was absent." *Id.* at 3. Watkins "resigned on May 16, 2024, due to

---

[1] Watkins filed two motions attempting to amend her complaint. Dkt. Nos. 38, 39. The proposed amended complaints appeared identical to her amended complaint filed on February 15, 2026, Dkt. No. 33, so the Court struck the motions. Dkt. No. 40.

religious discrimination, retaliation, and a hostile work environment," purportedly "[a]s a result of the threats of termination, coercion to sign disciplinary paperwork, and refusal to follow company policy," which made Watkins "reasonably believe[] her job was in jeopardy and that the working conditions had become intolerable." *Id.*[2] Watkins seeks compensatory and punitive damages, attorney's fees and costs (if later represented), and any other relief the Court deems just and proper. *Id.* at 4.

## I.    DISCUSSION

### A.    Legal Standard

"Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation modified). Therefore, unlike with motions for summary judgment where the entire evidentiary record is considered, when reviewing motions for judgment on the pleadings, the Court considers only (1) the pleadings, (2) documents incorporated by reference into the complaint, and (3) matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Court "accept[s] all factual allegations in the [relevant pleading] as true and construe[s] them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

When deciding a motion under Federal Rule of Civil Procedure 12(b)(6), a court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The court "need not accept as true conclusory allegations that are contradicted by documents referred to in the

---

[2] The Court does not consider Watkins's allegations related to age discrimination because those claims were previously dismissed with prejudice. Dkt. No. 32 at 11–12.

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS - 3

complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Instead, the plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Because Watkins is proceeding pro se, the Court holds her complaint "to less stringent standards than formal pleadings drafted by lawyers," and construes her "filings liberally[.]" *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citation modified). However, pro se complaints must still include "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a); a plaintiff's pro se status does not excuse compliance with this bedrock requirement. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000) (explaining that the lenient pleading standard does not excuse a pro se litigant from meeting basic pleading requirements); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (although the court has an obligation to liberally construe pro se pleadings, it "may not supply essential elements of the claim that were not initially pled" (quoting *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

**B.      Watkins Failed to State a Claim for Relief**

Watkins alleges claims of religious discrimination, retaliation, and hostile work environment in violation of federal law. Dkt. No. 33 at 3. The Court analyzes each of these claims and finds that none state a cognizable claim for relief.

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS - 4

1. Hostile Work Environment

To succeed on her hostile work environment claim, Watkins is required to establish that: (1) she was subjected to a hostile work environment, and (2) Wesley Homes is liable for the harassment that caused the hostile environment to exist. *Fried v. Wynn Las Vegas*, 18 F.4th 643, 647 (9th Cir. 2021). To meet the first element, she must show: (1) she was subjected to verbal or physical conduct of a sexual or racial nature; (2) the conduct was unwelcome; and (3) "the conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." *Id.* (citing *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 966 (9th Cir. 2002)); *see also Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) ("When the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated." (citation modified)). "To determine whether conduct was sufficiently severe or pervasive," courts examine "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003) (citation modified). "[O]ffhand comments[] and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment[.]" *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

As with her original complaint, Watkins's amended complaint fails to allege conduct sufficiently severe or pervasive to alter the conditions of her employment. Much of the amended complaint "offers 'labels and conclusions' [and] 'a formulaic recitation of the elements of a cause of action [that] will not do.'" *Iqbal*, 556 at 678 (quoting *Twombly*, 550 U.S. at 555). Watkins alleges that she was "directed by email" to report to her supervisor's office "regarding the funeral,"

had a request for the Executive Director's attendance at the meeting (as permitted by the employee handbook) denied, and was threatened to be labeled as insubordinate or with termination if she "did not meet alone and agree to be 'trained' and sign a write-up." Dkt. No. 33 at 2. She alleges that there was "[a] witness . . .present . . . during part of the meeting." *Id.*

These allegations are not frequent or severe enough to constitute a hostile work environment. Taken together, Watkins's allegations identify one meeting in which her supervisor said she needed training and that failure to comply would result in termination. *Id.* at 2–3. Watkins suggests that this meeting failed to comply with Wesley Home's "progressive discipline" policy, but that appears inconsistent with the fact that she was specifically *not* terminated at this meeting. *Id.* at 2. And in any event, "the mere threat of termination does not constitute an adverse employment action." *Hellman v. Weisberg*, 360 F. App'x 776, 779 (9th Cir. 2009). Moreover, considering "all the circumstances," *Vasquez*, 349 F.3d at 642, including that there was "[a] witness . . .present . . . during part of the meeting," Dkt. No. 33 at 2, it does not appear that the Executive Director's absence from the meeting elevated the circumstances to the level of a hostile work environment.

Watkins's allegations do not constitute "physically threatening or humiliating" conduct, nor do they demonstrate an "unreasonabl[e] interfere[nce] with . . . work performance." *Vasquez,* 349 F.3d at 642. At most, her allegations appear to demonstrate "isolated incidents" that do not amount to "discriminatory changes in the terms and conditions of employment[.]" *Faragher*, 524 U.S. at 788. Therefore, the Court dismisses Watkins's hostile work environment claim.

2. Religious Discrimination

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual . . . because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a). For purposes of Title VII, "[t]he term 'religion' includes all aspects of religious observance and

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS - 6

practice . . . unless an employer demonstrates that he is unable to reasonably accommodate to an employee's . . . religious observance or practice without undue hardship on the conduct of the employer's business." *Id.* § 2000e(j). A plaintiff can establish a prima facie case of religious discrimination under Title VII by demonstrating that: "(1) [s]he is a member of a protected class; (2) [s]he was qualified for h[er] position; (3) [s]he experienced an adverse employment action; and (4) similarly situated individuals outside h[er] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 847 (9th Cir. 2004) (quoting *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 604 (9th Cir. 2004)).

Construed liberally, Watkins's amended complaint fails to allege facts showing that she "experienced an adverse employment action[.]" *Fonseca*, 374 F.3d at 847. To establish that element, a plaintiff must show "some injury respecting her employment terms or conditions[.]" *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346, 359 (2024). Watkins claims that the discipline she faced "constituted adverse employment actions," considering that she purports to have "reasonably believed her job was in jeopardy and that the working conditions had become intolerable" following the meeting with her supervisor. Dkt. No. 33 at 3. As with her original complaint, "Watkins does not aver how the meeting with her supervisor and the comment that she needed training negatively affected the terms and conditions of her employment," Dkt. No. 32 at 8, especially considering that she resigned the same day, Dkt. No. 33 at 2–3. She instead relies on a constructive discharge claim, which faces the same issues as in her original complaint.

Most notably, the test for constructive discharge is an objective one, *Pennsylvania State Police v. Suders*, 542 U.S. 129, 141 (2004), so an employee's subjective belief that she had no choice but to resign is irrelevant if a reasonable person would not feel the same way. Here, Watkins claims that she "resigned on May 16, 2024, due to religious discrimination, retaliation, and a

hostile work environment," Dkt. No. 33 at 3, but fails to advance plausible allegations that her working environment "became so intolerable that her resignation qualified as a fitting response," *Suders*, 542 U.S. at 134. "Creation of a hostile work environment is a necessary predicate to a hostile-environment constructive discharge case." *Id.* at 149. Because Watkins's allegations are insufficient to demonstrate a hostile work environment, they are also insufficient to establish "the *graver* claim of hostile-environment constructive discharge[.]" *Id.*[3]

Furthermore, Watkins does not supply sufficient factual allegations to support her purported "reasonable belief" that she was being disciplined "for attending a Catholic funeral." Dkt. No. 33 at 2. She does not describe what was discussed at the meeting or the reasons given for her alleged discipline. Again, a claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint like Watkins's that offers nothing more than conclusory allegations does not suffice. *Id.*; *see also Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1145 (9th Cir. 2021) (conclusory allegations of law and unwarranted inferences will not survive a motion to dismiss).

Therefore, the Court dismisses Watkins's religious discrimination claim.

3.   Retaliation

Watkins did not meaningfully amend her retaliation claim, and it fails for the same reasons it failed in the original complaint. *Compare* No. 4-1 at 1 *with* Dkt. No. 33 at 2. "To establish a prima facie case of retaliation, a plaintiff must prove (1) she engaged in a protected activity; (2) she

---

[3] Additionally, Watkins failed to allege that "similarly situated individuals outside h[er] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Fonseca*, 374 F.3d at 847. Although Watkins generally alleges that she was treated differently than some of her colleagues, she does not identify that they were outside of her protected religious class and does not allege that those employees left their desks without discipline. *See* Dkt. No, 33 at 2–3. Her vague allegations of different treatment are "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and insufficient to state a claim. *Iqbal*, 556 U.S. at 678.

suffered an adverse employment action; and (3) there was a causal connection between the two." *Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008). Among other issues, Watkins has not alleged that she suffered an adverse employment action, as discussed above. Moreover, it appears that any alleged adverse employment action was not causally related to a protected activity. Protected activity is that which "opposes a specific employer's discriminatory practices." *EEOC v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1013 (9th Cir. 1983) ("[A] simple assertion that an employer is personally bigoted, without more, is not statutorily protected opposition to an 'unlawful employment practice.'"). Watkins avers that the retaliation was due to her supervisor "overhear[ing] [her] request for assistance to the Executive Director" about "being understaffed at the busiest front desk and being required to perform duties that other front desk staff refused to perform." Dkt. No. 33 at 2. Raising complaints about staffing issues and job tasks, without more, is not a protected activity. *See Crown Zellerbach*, 720 F.2d at 1013. Therefore, Watkins's retaliation claim must be dismissed.

## II.  CONCLUSION

For the foregoing reasons, the Court GRANTS Wesley Homes' second motion for judgment on the pleadings. Dkt. No. 35. While courts liberally provide pro se plaintiffs leave to amend, *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (courts have a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements"), that is not limitless. Denying leave to amend is appropriate when the plaintiff fails to "correct the deficiencies" "outlined by the district court in dismissing his original complaint." *Gimbel v. California*, 308 Fed. Appx. 123, 124 (9th Cir. 2009); *see also Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."

(citation modified)). As set out above, Watkins failed to cure the deficiencies set out by the Court when dismissing her original complaint. Therefore, the Court does not grant her leave to amend.

The Clerk is directed to close the case.

Dated this 8th day of June, 2026.

Lauren King
United States District Judge

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS - 10